**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: (949)706-6464

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL THURSTON, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLEARPATH LENDING, INC., a California corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 8:18-cv-02094-JVS-JDE<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR ATTORNEYS' FEES**<br><br>[Concurrently filed with the supporting Declaration of Scott J. Ferrell; Request for Judicial Notice; and [Proposed] Order]<br><br>Date:　January 28, 2019<br>Time:　1:30 p.m.___<br>Ctrm:　10C<br><br>Complaint filed:　October 24, 2018<br>Removal Filed:　November 26, 2018 |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................... - 2 -

II.  FACTUAL BACKGROUND .................................................................- 3 -

III. ARGUMENT ........................................................................................... - 4 -

   A.  APPLICABLE LAW ................................................................................- 4 -

   B.  THIS ACTION IS NOT PROPERLY REMOVABLE UNDER 28 U.S.C. § 1331. .............- 4 -

      1.  Removal Is Not Proper Where A Federal Issue Is Merely Collateral To A State Law Claim. ................................................................................................ - 4 -

      2.  Defendant's Reliance Upon One Decision from the Eastern District Is Not Persuasive, Nor Is Binding On This Court. .......................................................... - 6 -

   C.  THE NINTH CIRCUIT'S HOLDING IN WEYER IS IRRELEVANT. ................................- 9 -

IV. ATTORNEYS' FEES SHOULD BE AWARDED TO PLAINTIFF ........... - 11 -

V.  CONCLUSION ....................................................................................... - 11 -

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Butler v. Adoption Media, LLC*,
   486 F. Supp. 2d 1022 (N.D. Cal. 2007) .................................................................. 10

*Camreta v. Greene*,
   563 U.S. 692, 131 S. Ct. 2020 (2011) ....................................................................... 6

*Cohen v. Ralphs Grocery Co.*,
   No. CV 13-01728 GAF, 2013 WL 1303825 (C.D. Cal. Mar. 26, 2013) .................... 7

*Duncan v. Stuetzle*,
   76 F.3d 1480 (9th Cir. 1996) ..................................................................................... 4

*Franchise Tax Board v. Construction Laborers Vacation Trust*,
   463 U.S. 1 (1983) ....................................................................................................... 5

*Gunn v. Minton*,
   568 U.S. 251 (2013) ................................................................................................... 4

*Hunter v. Philip Morris USA*,
   582 F.3d 1039 (9th Cir. 2009) ............................................................................. 4, 8

*Jairath v. Dyer*,
   154 F.3d 1280 (11th Cir.1998) ................................................................................. 5

*Lussier v. Dollar Tree Stores, Inc.*,
   518 F.3d 1062 (9th Cir. 2008) ................................................................................ 11

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005) .................................................................................................. 11

*Mason v. El Torito*,
   No. CV 12-07934 GAF, slip op. (C.D. Cal. Oct. 15, 2012) ...................................... 7

*Moore v. Permanente Med. Group, Inc.*,
   981 F.2d 443 (9th Cir. 1992) ................................................................................... 11

*Munson v. Del Taco, Inc.*,
   46 Cal.4th 661 (2009) .............................................................................................. 10

*Nat'l Fed. of Blind v. Target*,
   582 F. Supp. 2d 1185 (N.D. Cal. 2007) .................................................................... 10

*Pickern v. Best Western Tiber Cove Lodge Marina Resort*,
   194 F.Supp.2d 1128 (E.D. Cal. 2002) ................................................................... 5, 6

*Pickern v. Stanton's Restaurant & Woodsman*,
   No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) ................................ 6

*Rains v. Criterion Systems, Inc.*,
   80 F.3d 339 (9th Cir.1996) ........................................................................................ 4

*Rios v. CWGS Enterprises, LLC*,
   No. CV 17-03614 ...................................................................................................... 7

*Rios v. Friendly Hills Bank*,
   No. CV 17-04582 BRO (JPR), 2017 WL 3530348 (C.D. Cal. Aug. 16,
   2017) .......................................................................................................................... 7

*Sullivan v. First Affiliated Sec., Inc.*,
   813 F.2d 1368 (9th Cir. 1987) ................................................................................... 4

*Thurston v. Chino Commercial Bank*,
   No. CV 17-01078 BRO, 2017 WL 3224681 (C.D. Cal. July 27, 2017) .................... 7

*Thurston v. Container Store, Inc.*,
   2017 WL 658806 (C.D. Cal., Feb. 16, 2017) ............................................................ 7

*Wander v. Kaus*,
   304 F.3d 856 (9th Cir. 2002) ............................................................................ *passim*

*Weyer v. Twentieth Cent. Fox Film Corp.*,
   198 F.3d 1104 (9th Cir. 2000) ................................................................................... 9

**Federal Statutes**

28 U.S.C.
   § 1331 ................................................................................................................ 1, 3, 4
   § 1338 ........................................................................................................................ 1
   § 1441 ........................................................................................................................ 3
   § 1441(a) ................................................................................................................... 1
   § 1447(c) ......................................................................................................... 1, 3, 11

42 U.S.C.
   § 12182(a) ................................................................................................................. 9

Americans with Disabilities Act ................................................................................. 2, 5, 3, 11

Title III of the ADA ................................................................................................... 2, 5, 8

**Federal Rules**

Central District Local Rule 7-3 ............................................................................................ 1

**State Statues**

Civil Code
    § 51 *et seq.* ................................................................................................*passim*
    § 51(b) ...................................................................................................................... 9, 10
    § 51(f) ........................................................................................................................ 2, 3, 4
    §54 ................................................................................................................................. 6
    §54.1 .............................................................................................................................. 6

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 28, 2019, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 10C of the United States District Court for the Central District of California located at 411 W. 4th Street, Santa Ana, California 92701, the Honorable James V. Selna presiding, Plaintiff Cheryl Thurston ("Plaintiff") will and hereby does move to remand this action to the Superior Court of California for the County of Orange.

Plaintiff moves to remand on the grounds that the action does not arise under the laws of the United States, there is no diversity jurisdiction, and the action is not otherwise within the removal jurisdiction of this Court. 28 U.S.C. §§ 1331, 1338, 1441(a). Plaintiff also seeks payment of her attorney fees in the amount of $6,125, incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c).

This motion is made pursuant to 28 U.S.C. § 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed supporting declaration of Scott J. Ferrell, the pleadings and papers on file in this action, and upon such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on November 27, 2018, December 4, 2018, and December 5, 2018 by and between Scott J. Ferrell of Pacific Trial Attorneys, counsel for Plaintiff, and Joseph L. Robbins and Witt W. Chang of Venable LLP, counsel for Defendant Clearpath Lending, Inc.

Dated: December 19, 2018

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: */s/ Scott J. Ferrell*
Scott J. Ferrell
Attorney for Plaintiff

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Cheryl Thurston ("Plaintiff") filed this action in the Superior Court of California for the County of Orange alleging one cause of action against Defendant Clearpath Lending, Inc. ("Defendant") arising under California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51 *et seq*. (Dkt. No. 1-1). Therein Plaintiff sought statutory damages and injunctive relief exclusively pursuant to the Unruh Act, while simultaneously acknowledging that Defendant's offending conduct likewise constitutes a violation of the Americans With Disabilities Act of 1990 ("ADA"). Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section"). However, Plaintiff did not allege a cause of action pursuant to the ADA, nor did she seek any relief pursuant thereto.

Despite Plaintiff's cause of action and prayer for relief sounding solely in California law, Defendant still removed this action contending that, because Plaintiff acknowledges that a violation of the ADA is likewise a violation of the Unruh Act, and because Plaintiff seeks injunctive relief, this Court maintains original jurisdiction. However, in doing so Defendant wholly and erroneously ignores binding case law from the Ninth Circuit holding Defendant's removal is improper. *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002) (holding **"there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA."**) (emphasis added). Instead, Defendant relies solely upon non-binding district court opinions in an effort to get around binding precedent. (Dkt. No. 1 at ¶¶ 7-19).

As such, and for the reasons further discussed herein, Defendant improperly removed this action. This matter should be properly remanded to the Superior Court of

California and attorney's fees in the amount of $6,125 awarded against Defendant and to Plaintiff because removal was not objectively reasonable. 28 U.S.C. § 1447(c).

## II.     FACTUAL BACKGROUND

Plaintiff filed her complaint in this action on October 24, 2018 in the Superior Court of California for the County of Orange alleging only one cause of action against Defendant for its violation of the Unruh Act based on Defendant's failure to maintain its website, *www.clearpathlending.com*, in a fully and equally accessible manner for visually impaired individuals like Plaintiff.  Specifically, Plaintiff alleged that because of the numerous accessibility barriers on Defendant's website, including but not limited to empty and redundant links, and empty or missing form labels, Plaintiff has been and continues to be prevented from fully and equally accessing and using Defendant's website.

Plaintiff did not include any federal causes of action; specifically, Plaintiff did not allege a cause of action based on Defendant's violations of the ADA, 42 U.S.C. § 12101 *et seq.*  Instead, Plaintiff alleged that Defendant violated section 51 of California's Civil Code based on its failure to provide equal access for people with disabilities to the accommodations, advantages, privileges, and services of its business establishment, *www.clearpathlending.com*.  Plaintiff likewise acknowledged that "Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act," and that Defendant's conduct likewise violated the ADA.  (Dkt. No. 1-1 at ¶ 31.)  Though Plaintiff acknowledged a violation of the ADA likewise constitutes a violation of the Unruh Act, Plaintiff did not allege a cause of action under the ADA, nor seek relief pursuant to the ADA.

On November 26, 2018, Defendant improperly removed this action to the United States District Court for the Central District of California based on an alleged federal question pursuant to 28 U.S.C. §§ 1331, 1441.

## III. ARGUMENT

### A. Applicable Law

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is strictly construed *against* removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The strong presumption against removal jurisdiction means that . . . the court resolves *all* ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed) (emphasis added). The removal statute "is strictly construed and federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added).

### B. <u>This Action Is Not Properly Removable Under 28 U.S.C. § 1331.</u>

Federal question jurisdiction only exists where "1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims should be recharacterized as federal claims; or 3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir.1996). Here, Defendant contends that Plaintiff's cause of action is predicated solely upon an alleged failure of Defendant's website to comply with a federal statute, the ADA. (Dkt. No. 1 at ¶¶ 3-4).

#### 1. Removal Is Not Proper Where A Federal Issue Is Merely Collateral To A State Law Claim.

Defendant does not, and indeed cannot, dispute that Plaintiff did not plead any federal causes of action. Instead, Plaintiff alleged *one* cause of action based on California law. It is true, as Plaintiff acknowledges in her Complaint, that a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f). However, removal

remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim." *Jackson v. Yoshinoya America Inc.*, no. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (emphasis in original) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure § 3722 (4th ed. 2012)). The federal question must be a necessary *element* of the state law claim before federal jurisdiction exists. *Id.* at *2 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986)); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims")).

***"Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims."*** *Id.* (emphasis added) (referencing *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"); *Pickern v. Best Western Tiber Cove Lodge Marina Resort,* 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction"); *Jairath v. Dyer,* 154 F.3d 1280, 1281 (11th Cir.1998) (holding that a claim arising under a Georgia state law that incorporated the ADA did not confer federal jurisdiction)).

Indeed, the Ninth Circuit has offered binding authority directly on this point. In *Wander v. Kaus, supra*, the Ninth Circuit explicitly held that "**there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.** To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." 304 F.3d at 857 (emphasis

added); *see also Pickern v. Stanton's Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) (holding that allegations of ADA violations as an element of a state claim for damages were insufficient to support federal question jurisdiction).

Defendant wholly failed to address the *Wander* decision in its removal papers; indeed, it did not even reference this binding authority. Similarly, Defendant failed to address the recent decision in the *Yoshinoya America Inc.* action. In *Yoshinoya America Inc.*, the wheelchair-bound plaintiff alleged two causes of action, one for violation of Title 24 of the California Building Code and the other for violations of California Civil Code §§ 54, 54.1, and the second for violation of California's Unruh Civil Rights Act based on the alleged barriers preventing the plaintiff's accessibility upon the defendant's premises, and sought *both* statutory damages *and injunctive relief* pursuant thereto.

There, the defendant attempted to remove the plaintiff's action on the grounds that plaintiff's case arose under the ADA and that the Plaintiff's request for injunctive relief made the action removable. The district court granted remand for the same reasons the Court should remand this action, namely because "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." *Yoshinoya America Inc., supra,* 2013 WL 865596, at *2 (quoting *Wander, supra,* 304 F.3d at 859). Again, even according to the *Pickern* decision upon which Defendant almost exclusively relies, "The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction." *Pickern, supra,* 194 F.Supp.2d at 1131.

### 2. Defendant's Reliance Upon One Decision from the Eastern District Is Not Persuasive, Nor Is Binding On This Court.

Defendant's almost exclusive reliance upon *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128 (2002) is misplaced because not only is it non-binding, but more importantly it did not have the advantage of the binding precedent issued by the Ninth Circuit in *Wander* a month later. *See Camreta v. Greene*, 563 U.S.

692, 709 n.7, 131 S. Ct. 2020 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

Moreover, Defendant's Notice of Removal ignores the many more recent decisions from this district which support the remand of the action which had the benefit of the binding precedent in *Wander*. *See, e.g.*, *Rios v. Friendly Hills Bank*, No. CV 17-04582 BRO (JPR), 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017) ("Because the Plaintiff only asserts a state-law cause of action and seeks only state-law remedies, the Court finds that the Plaintiff's claim does not "arise under" federal law."); *Thurston v. Chino Commercial Bank*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017) (same); *Rios v. CWGS Enterprises, LLC*, No. CV 17-03614 RSWL-AFMx, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) ("It is clear that Plaintiff did not directly allege a federal cause of action and federal law does not create the cause of action in the instant case. Therefore, federal question jurisdiction is not appropriate on this basis."); *Cohen v. Ralphs Grocery Co.*, No. CV 13-01728 GAF (JEMx), 2013 WL 1303825, at *2 (C.D. Cal. Mar. 26, 2013) (finding the claim did not "arise under" federal law where the plaintiff alleged a single cause of action pursuant to a violation of the Unruh Act, even where the plaintiff alleged a violation of the ADA as a theory for proving the Unruh Act violation); *Mason v. El Torito*, No. CV 12-07934 GAF (VBKx), slip op. at 3 [ECF #11] (C.D. Cal. Oct. 15, 2012) ("That Plaintiff mentioned the violation of a federal statute in his Complaint does not transform this suit into a federal question case.") (citing *Carpenter v. Raintree Realty, LLC*, No. CV 11–06798–RGK (MRWx), 2012 WL 2579179, at *2 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim.") (*Thurston v. Container Store, Inc.*, 2017 WL 658806 (C.D. Cal., Feb. 16, 2017); *Thurston v. Toys R Us, Inc.,* 5:16−cv−02672−JAK-AGR at Dkt. 14, 2-5 (C.D. Cal., February 23, 2017) (RJN Ex. A); *Thurston v. Omni Hotels Management Corporation*, 5:16-cv-02596-TJH-KK at Dkt. 15 (C.D. Cal., May 19, 2017) (RJN Ex. B).

Defendant's attempt to focus on the relief sought *pursuant to the Unruh Act* is of no help. In *Toys R Us, supra,* the Court recognized that Plaintiff alleged essentially two theories of relief:

> "A review of these allegations and a construction of the Unruh Act, shows that the Complaint seeks relief under two separate theories: (i) Defendant violated Cal. Civ. Code § 51(b), which provides that all persons within the jurisdiction of California are 'entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever,' and (ii) Defendant violated Cal. Civ. Code § 51(f), which provides that an ADA violation is also a violation of the Unruh Act. There is no showing or suggestion that the relief Plaintiff has requested is unavailable under California law. Thus, the present claim is not based *solely* on the ADA. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.' *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996)."

*Toys R Us*, 5:16−cv−02672−JAK-AGR, Dkt. 14 at 4 (C.D. Cal., February 23, 2017) (emphasis in original) (RJN Ex. A).

In sum, it is undisputed that Plaintiff's claim arises under the California Civil Code, the Unruh Civil Rights Act, a state law. The Ninth Circuit has made clear that there is no federal-question jurisdiction over a lawsuit for damages brought under a California statute (the Unruh Act) which is also a violation of Title III of the ADA. *Wander v. Kaus*, *supra*, 304 F.3d at 857. The Ninth Circuit has also made clear that "the court resolves all ambiguity in favor of remand to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Defendant ignores all of this authority. Accordingly, this Court should grant this Motion and remand this action to the Superior Court for the County of Orange.

### C. The Ninth Circuit's Holding In *Weyer* Is Irrelevant.

In its removal papers, with feigned indignance, Defendant accuses Plaintiff of attempting to convince the court "not to apply Ninth Circuit precedent." (Dkt. No. 1 at ¶ 2). Defendant either critically misunderstands, or misconstrues Plaintiff's cause of action in the Superior Court under the Unruh Act. As alleged consistently throughout Plaintiff's complaint, Defendant's website is a <u>business establishment</u> under the Unruh Act, and based on its denial of full and equal access thereto on the basis of disability, Plaintiff seeks statutory and injunctive relief under the Unruh Act. (Dkt. No. 1-1 at ¶¶ 9, 20, 28, 29).

While it is true that, pursuant to Ninth Circuit precedent in *Weyer v. Twentieth Cent. Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000), website-only services unconnected to, or without a nexus to, a "place of public accommodation" are not actionable under the *ADA*, that *was not* the holding with respect to "business establishments" under the Unruh Act. *Weyer*, 198 F.3d 1104, 1114 (holding that "some connection between the good or service complained of and an actual physical place is required"); Cal. Civ. Code § 51(b) ("All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in ***all*** <u>***business establishments***</u> ***of every kind whatsoever***") (emphasis added) (compare to 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation.")).

Further, neither the California Supreme Court, nor the appellate courts thereunder, have adopted *Weyer* or made the same holding demanding a nexus between a service (like a website) and a physical place of public accommodation under the ADA, much less a

holding demanding a nexus under the Unruh Act between a service (like a website) and a physical business establishment. As such, Plaintiff's allegations against Defendant's business establishment arising under the Unruh Act in the Superior Court of California are wholly proper and reasonable.

Plaintiff's allegations and relief requests based on the definition of "business establishment" under Unruh, *without* a nexus to a place of public accommodation as required under the ADA in Ninth Circuit courts, is supported by case law. Indeed, Courts have consistently held that the language of the Unruh Act "is broader than that of the ADA" such that it is not limited to restrictions on access to a place of public accommodation in the same way as the ADA is limited because the Unruh Act regulates "**all business establishments of every kind whatsoever**." Cal. Civ. Code § 51(b)); *Nat'l Fed. of Blind v. Target*, 582 F. Supp. 2d 1185, 1196 (N.D. Cal. 2007) ("the Unruh Act and the DPA reach Target.com as a kind of business establishment and an accommodation, advantage, facility, and privilege of a place of public accommodation respectively. *<u>No nexus to the physical stores need be shown</u>*.") (emphasis added); *Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022, 1056 (N.D. Cal. 2007) ("***the ParentProfiles.com website is plainly a business establishment as defined under California law***.") (emphasis added) (citing a California Supreme Court case for the proposition that the California Legislature intended the Unruh Act's definition of "business establishments" to be interpreted "in the broadest sense reasonably possible"). The California Supreme Court has held that the Unruh Act is to be "construed liberally" in order to carry out its purpose to eradicate discrimination. *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 666 (2009) (quoting *Angelucci v. Century Super Club*, 41 Cal. 4th 160, 167 (2007)).

Thus, Plaintiff's allegations regarding Defendant's website as a business establishment under the Unruh Act further supports remand of this case to the Superior Court.

## IV. ATTORNEYS' FEES SHOULD BE AWARDED TO PLAINTIFF

Where removal was improper, the court may award attorneys' fees incurred in seeking remand to the proper court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") The Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees [] where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here Defendant lacked an objectively reasonable basis for removal of this action most importantly because it wholly, and intentionally, failed to acknowledge binding Ninth Circuit authority *directly on point* when attempting to base its removal on federal question jurisdiction. *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002) ("there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law.") (emphasis added). The Court does not need to find bad faith before awarding such fees and costs, and as such, awarding fees against Defendant in this instance is wholly reasonable. 28 USC § 1447(c); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

## V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of Orange, award Plaintiff's attorneys' fees in the amount of $6,125, and grant such further and other relief as the Court deems appropriate.

| | | |
|---|---|---|
| 1 | Dated: December 19, 2018 | PACIFIC TRIAL ATTORNEYS<br>A Professional Corporation |
| 2 | | |
| 3 | | By: */s/ Scott J. Ferrell*<br>Scott J. Ferrell<br>Attorney for Plaintiff |
| 4 | | |

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2018, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                    */s/ Scott J. Ferrell*
                    Scott J. Ferrell