**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: (949)706-6464

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL THURSTON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEARPATH LENDING, INC., a California corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 8:18-cv-02094-JVS-JDE<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE; REQUEST FOR ATTORNEYS' FEES**<br><br>Date:  January 28, 2019<br>Time:  1:30 p.m.<br>Ctrm:  10C<br><br>Complaint filed:  October 24, 2018<br>Removal Filed:  November 26, 2018 |

## I. INTRODUCTION

In an attempt to support its improper removal of this action, Defendant Clearpath Lending, Inc. ("Defendant") ignores that Plaintiff Cheryl Thurston ("Plaintiff") seeks remedies provided by California state law via one cause of action arising solely under California state law. Defendant does so by either misconstruing or failing to acknowledge holdings from other courts, or selectively reading Plaintiff's complaint. For example, Defendant ignores the differences in relief requests posed by the plaintiffs in *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) and *Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) as opposed to Plaintiff here, while likewise ignoring the concise and explicit holdings from *Wander* demanding remand, as well as the language in *Pickern* supporting remand. Defendant also blatantly misconstrues the holdings of *Natl. Fedn. of Blind v. Target Corp.*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007) and *Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022 (N.D. Cal. 2007) which support Plaintiff's position that a website alone constitutes a "business establishment" under the Unruh Act, interpretation of which demands examination and interpretation of a *state* law. In short, Plaintiff's cause of action and relief requests, the case law regarding remand and removal, and case law regarding website accessibility under the Unruh Act all support this Court's remand to the Superior Court. To the extent there is any doubt, "the court resolves all ambiguity in favor of remand to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

## II. BOTH *WANDER* AND *PICKERN* SUPPORT PLAINTIFF'S MOTION FOR REMAND.

In its Opposition, Defendant implies that the Ninth Circuit in *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) and Eastern District in *Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) were presented with the same relief requests as those posed by Plaintiff here. They were not. In each of the foregoing, the courts made their holdings based on a plaintiff seeking solely damages, and no injunctive relief, pursuant to state law with claims premised upon the defendants' alleged

violation of Title III of the Americans with Disabilities Act. Here, on the other hand, Plaintiff seeks *both* injunctive relief and statutory damages pursuant to the Unruh Act, while acknowledging that a violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). Neither *Wander* nor *Pickern* made the holding that a state law cause of action based on the ADA where both statutory damages and injunctive relief are sought pursuant to state law implies a federal question.

Nonetheless, both *Wander* and *Pickern* still support remand of this action to the Superior Court. In *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002), aside from the Ninth Circuit explicitly holding that a "[plaintiff]'s state law cause of action claim does not "arise under federal law" even though it is premised on a violation of federal law", specifically cited *Pickern* as follows:

> "As Judge Shubb pointed out, actions for damages under the DPA necessarily involve issues outside the scope of Title III of the ADA: 'Damages for emotional distress ... require testimony regarding the effect of the defendant's actions on the plaintiff's mental and emotional health. Daily deterrence damages ... require plaintiffs to prove that they were deterred on a particular occasion from attempting to attend a place of public accommodation. This inquiry involves as much an examination of the plaintiff's mental state as it does an examination of the extent of the alleged ADA violations. *Thus, the question of damages becomes the tail that wags the dog of the ADA issues*.'"

(quoting *Pickern*, 194 F.Supp.2d at 1132 (emphasis added in *Wander*).

*Pickern*'s quoted language that "the question of damages become the tail that wags to the dog of the ADA issues" is significant. Subsequent to both *Pickern* and *Wander* being decided, the California Legislature changed both the Unruh Act and the CDPA effective as of May 10, 2016 with respect to recovering statutory damages so that a plaintiff seeking such damages must now satisfy the "difficulty, discomfort, or embarrassment" requirement for a personal encounter with a violation as stated in Civil

Code section 55.56(c), or alternatively, that the plaintiff is seeking damages under a "deterrence" theory under Civil Code section 55.56(d).

Here, Plaintiff alleges ongoing deterrence based on Defendant's continued violations of the Unruh Act throughout her complaint. (Cmpl. ¶¶ 7, 26). The key point is that *Pickern* and *Wander* were both decided more than a decade before the Legislature changed the requirements for obtaining statutory damages under the Unruh Act and the CDPA, and made such requirements more difficult for plaintiffs to satisfy. As such, at minimum, Plaintiff raises questions that are not relevant to the ADA issues, but more reasonably, especially when concurrently considering Plaintiff's allegations regarding the lack of a nexus required between "business establishments" and the services solely under the Unruh Act, Plaintiff's complaint presents issues of solely state law.

Similarly, her request for statutory damages pursuant to California Civil Code § 52(a) *does not* only amount to $4,000 based on a violation of the ADA as alleged by Defendant (Dkt. No. 10 at 10:13), and instead exceeds that amount based on the several times she was denied access to Defendant's website, and additionally on the ongoing *deterrence* under the Unruh Act she faces due to Defendant's failure and refusal to ensure full and equal accessibility to those with visual disabilities. Thus, in this instance, the question of damages, and the specific state law therefor, becomes the tail that wags the dog of the ADA issues. *Wander*, 304 F.3d 860 (citing *Pickern*, 194 F.Supp.2d at 1132).

Lastly, Defendant fails to acknowledge the explicit language from *Wander* supporting remand based on the two types of relief sought by Plaintiff – *both* injunctive relief *and* statutory damages: "**Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA**. To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress." *Wander* 304 F.3d at 857. Thus, the binding Ninth Circuit precedent, as well as the substantive state law upon which Plaintiff's claims must be determined, support remand to the Superior Court.

/ / /

## III. PLAINTIFF'S COMPLAINT MAY BE REASONABLY CONSTRUED AS PLEADING INTENTIONAL DISCRIMINATION UNDER THE UNRUH ACT.

Defendant offers an incorrect and self-serving reading of Plaintiff's complaint when it attempts to argue Plaintiff made no allegations of intentional discrimination under the Unruh Act. Rather, Plaintiff's Complaint can and should be construed as alleging intentional discrimination in paragraph 30: "Defendant's actions constitute discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq. in that: **Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause**." (emphasis added).

Indeed, on October 9, 2018, prior to filing her Complaint, Plaintiff sent to Defendant a letter advising it of its website's violations of the Unruh Act. Defendant ignored Plaintiff's letter and refused to make the changes to its website to ensure full and equal accessibility by Plaintiff and other who are visually impaired, thus prompting the filing of her Complaint. As such, Defendant's failure and refusal to ensure equal accessibility as demand by the Unruh Act despite Plaintiff explicitly advising it of such constitutes intentional discrimination.[1]

Thus, Plaintiff's reliance upon the very similar scenario in *Thurston v. Toys R Us, Inc.,* 5:16−cv−02672−JAK-AGR at Dkt. 14, pg. 4 (C.D. Cal., February 23, 2017) is directly on point:

> "A review of these allegations and a construction of the Unruh Act, shows that the Complaint seeks relief under two separate theories: (i) Defendant violated Cal. Civ. Code § 51(b), which provides that all persons within the jurisdiction of California are 'entitled to the full and equal accommodations,

---

[1] Plaintiff is willing, and should be permitted, to amend her complaint to clarify her intentional discrimination allegations should the Court determine it necessary.

advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," and (ii) Defendant violated Cal. Civ. Code § 51(f), which provides that an ADA violation is also a violation of the Unruh Act. **There is no showing or suggestion that the relief Plaintiff has requested is unavailable under California law. Thus, the present claim is not based *solely* on the ADA. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim**.' *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996)."

*Toys R Us*, 5:16−cv−02672−JAK-AGR, Dkt. 14 at 4 (C.D. Cal., February 23, 2017) (emphasis added) (Dkt. No. 12-1, Ex. A); *see also Rios v. Friendly Hills Bank*, No. CV 17-04582 BRO (JPR), 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017) ("Because the Plaintiff only asserts a state-law cause of action and seeks only state-law remedies, the Court finds that the Plaintiff's claim does not "arise under" federal law."); *Thurston v. Chino Commercial Bank*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017) (same); *Rios v. CWGS Enterprises, LLC*, No. CV 17-03614 RSWL-AFMx, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) ("It is clear that Plaintiff did not directly allege a federal cause of action and federal law does not create the cause of action in the instant case. Therefore, federal question jurisdiction is not appropriate on this basis."); *Cohen v. Ralphs Grocery Co.*, No. CV 13-01728 GAF (JEMx), 2013 WL 1303825, at *2 (C.D. Cal. Mar. 26, 2013) (finding the claim did not "arise under" federal law where the plaintiff alleged a single cause of action pursuant to a violation of the Unruh Act, even where the plaintiff alleged a violation of the ADA as a theory for proving the Unruh Act violation); *Mason v. El Torito*, No. CV 12-07934 GAF (VBKx), slip op. at 3 [ECF #11] (C.D. Cal. Oct. 15, 2012) ("That Plaintiff mentioned the violation of a federal statute in his Complaint does not transform this suit into a federal question case.") (citing *Carpenter v. Raintree Realty, LLC*, No. CV 11–06798–RGK (MRWx), 2012 WL

2579179, at *2 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim.") (*Thurston v. Container Store, Inc.*, 2017 WL 658806 (C.D. Cal., Feb. 16, 2017); *Thurston v. Omni Hotels Management Corporation*, 5:16-cv-02596-TJH-KK at Dkt. 15 (C.D. Cal., May 19, 2017) (Dkt. No. 12-1, Ex. B).

## IV. THE LACK OF A NEXUS REQUIREMENT UNDER THE UNRUH ACT SUPPORTS REMAND.

Defendant gives short shrift to the case law and statutory construction that, unlike the ADA, the Unruh Act does not require a nexus between physical "business establishments" and their services, which clearly supports remand. Instead, Defendant attempts to get around the state law specific, substantive case law regarding the Unruh Act by offering a false contention that the holdings in *Natl. Fedn. of Blind v. Target Corp.*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007) and *Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022 (N.D. Cal. 2007) were dependent upon an intentional discrimination allegation for the plaintiffs' Unruh Act causes of action – they were not. (Dkt. No. 13 at 11-12).

Specifically, in *Target Corp.*, the court held:

"**The statutory text [of the Unruh Act] is not susceptible to the limited construction that the Ninth Circuit has placed on the ADA**. *Weyer,* 198 F.3d at 1114 (9th Cir.2000). **In its 1959 amendments to the Unruh Act, the California legislature eliminated the list of physical places contained in the Act and replaced it with the reference to "all business establishments of every kind whatsoever."** *Warfield v. Peninsula Golf & Country Club,* 10 Cal.4th 594, 618, 42 Cal.Rptr.2d 50, 896 P.2d 776 (1995) (discussing 1959 amendments to the Unruh Act); *Gardner v. Vic Tanny Compton, Inc.,* 182 Cal.App.2d 506, 512, 6 Cal. Rptr. 490 (1960) (describing interpretation of previous statutory language limiting Unruh Act to "all other places"). **By contrast, the California Supreme Court has read the relevant language of the Unruh Act to the broadest extent possible: "the word 'establishment,' as broadly defined, includes not only a fixed location ... but also a permanent 'commercial force or organization.' "** *O'Connor v. Village Green Owners Ass'n,* 33 Cal.3d 790, 795, 191 Cal. Rptr. 320, 662 P.2d 427 (1983). In its most recent amendments to the Unruh Act, the legislature made a specific finding expressing its support for the expansive construction in *O'Connor. See* Cal. Civ. Code. § 51, Historical Notes–Historical and Statutory Notes ("It is the intent of the Legislature that the amendments made

- 6 -
PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

to the Unruh Civil Rights Act by this act do not affect the California Supreme Court's rulings in [*Marina Point* ] and [*O'Connor* ]."). Indeed, one federal district has recently construed the term "business establishment" to include an exclusively internet-based adoption agency. *Butler v. Adoption Media, LLC,* 486 F.Supp.2d 1022, 1054 (N.D. Cal.2007) (Hamilton, J.). In that case, the plaintiffs alleged that the website's refusal to offer same-sex domestic partners the adoption-related services on the same terms and conditions offered married couples, violated the Unruh Act. **None of these cases restrict the applicability of the Unruh Act in the same way as the ADA; imposing a nexus requirement on the class definition for the California subclass is, therefore, not necessary**.

"In its supplemental briefing, Target does not appear to dispute that the Unruh Act applies to websites. Rather, it argues that the Unruh Act requires an individualized showing of discriminatory intent and that such a showing necessarily defeats class certification. Under this theory, plaintiffs cannot meet the predominance showing required by Rule 23(b)(3). *See Rutstein v. Avis Rent–A–Car Systems, Inc.,* 211 F.3d 1228, 1235 (11th Cir.2000) (concluding that putative class action requiring a showing of intentional discrimination could not meet the predominance requirement). Target also contends that the damages claims would require individualized determinations unsuitable for a class action. In similar contexts, district courts have certified class actions alleging disability discrimination under the Unruh Act. *See Moeller v. Taco Bell Corp.,* 220 F.R.D. 604, 613 (N.D.Cal.2004) (Jenkins, J.) (certifying class under Rule 23(b)(2) for ADA and Unruh Act claims brought by wheelchair users against restaurant); *Arnold,* 158 F.R.D. at 461–62 (certifying similar class under Rule 23(b)(2)); *Berlowitz v. Nob Hill Masonic Management,* No. C–96–01241 MHP, 1996 WL 724776 (N.D.Cal. Dec. 6, 1996) (Patel, J.) (same). In each of these cases as in the present one, the class members did not challenge individual actions by the defendant against each member of the class but the same actions taken by defendant. *Moeller,* 220 F.R.D. at 613. The intent requirement, if one exists, of the Unruh Act does not render class certification inappropriate.

*Target Corp.*, 582 F. Supp. 2d at 1197. The foregoing decision *did not* hold that there is no nexus requirement under the Unruh Act *only* where intentional discrimination is alleged. Instead it recognized more broadly that the Unruh Act does not support a nexus requirement – period. Further, its holding that individualized determinations of discrimination were not required for class certification further supports the interpretation that the no nexus requirement for the Unruh Act applies irrespective of an allegation of intentional discrimination.

Further, the Court in *Butler*, 486 F. Supp. 2d at 1056 specifically held: "The court is not persuaded by defendants' claim that ParentProfiles.com is not a "business establishment." As described herein, **the ParentProfiles.com website is plainly a business establishment as defined under California law**. *See Isbister,* 40 Cal.3d at 78–79, 219 Cal.Rptr. 150, 707 P.2d 212 (in enacting the Unruh Act, the Legislature intended that "business establishments" be interpreted in the broadest sense reasonably possible)." The *Butler* court *did not* make its holding dependent upon an allegation or finding of intentional discrimination under the Unruh Act.

Thus, Defendant's assertion that "Those two cases hold that the Unruh Act applies to websites, even without a nexus to a physical location, where intentional discrimination under the Unruh Act independent of the ADA is alleged" is incorrect and misrepresents that holdings of *Target Corp.* and *Butler*. (Dkt. No. 13 at 11-12). Instead, *Target Corp.* held, "the Unruh Act and the DPA reach Target.com as a kind of business establishment and an accommodation, advantage, facility, and privilege of a place of public accommodation, respectively. No nexus to the physical stores need be shown." *Target Corp.*, at 1196. And similarly, *Butler* made no holding regarding intentional discrimination or a nexus requirement; indeed, the term 'nexus' appears nowhere in the case text. Instead it concisely held, without qualifier, that the defendant's website was "plainly a business establishment as denied by [the Unruh Act]." *Butler*, 486 F. Supp. 2d at 1056. Based thereon, Plaintiff's allegations and relief requests based on the definition of "business establishment" under Unruh, *without* a nexus to a place of public accommodation as required under the ADA in Ninth Circuit courts, further supports remand of this case to the Superior Court.

## V.     PLAINTIFF'S REQUEST FOR FEES IS WELL-SUPPORTED.

Where removal was improper, the court may award attorneys' fees incurred in seeking remand to the proper court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.")  The Supreme Court held that "the standard for

- 8 -
PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees [] where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Defendant implies, without support, that Plaintiff may not seek its fees for remand where it included its intention to do so in its meet and confer on remand pursuant to Local Rule 7-3. Aside from having no support for such a contention, in its meet and confer request, Plaintiff's counsel correctly identified the improper bases Defendant would rely upon for its removal, the Ninth Circuit precedent in *Wander*, and simply indicated that given clarity of precedent on this issues herein, Plaintiff would seek fees explicitly permitted by 28 U.S.C. § 1447(c). (Dkt. No. 13-2, Ex. 2). The fact that Plaintiff's counsel early identified Defendant's improper basis for removal, and thereafter continued to meet and confer thereon, does not preclude Plaintiff's reasonable request for fees and costs associated with remand.

## VI. CONCLUSION

For the reasons set forth herein, and in light of the Ninth Circuit's mandate that "the court resolves all ambiguity in favor of remand to the state court", Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of Orange, award Plaintiff's attorneys' fees in the amount of $6,125, and grant such further and other relief as the Court deems appropriate. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Dated: January 14, 2019     PACIFIC TRIAL ATTORNEYS
                            A Professional Corporation

                            By: */s/ Scott J. Ferrell*
                            Scott J. Ferrell
                            Attorney for Plaintiff

- 9 -
PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

# CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, I electronically filed the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE; REQUEST FOR ATTORNEYS' FEES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell