UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-2094 JVS (JDEx) | Date | January 28, 2019 |
| Title | Cheryl Thurston v. Clearpath Lending, Inc., et al. | | |

Present: The Honorable     James V. Selna

| | |
|---|---|
| Karla J. Tunis | Sharon Seffens |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Victoria Knowles | Witt Chang |

**Proceedings:** **Plaintiff's Motion to Remand**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the plaintiff's motion and rules in accordance with the tentative ruling as follows.**

Before the Court is Plaintiff Cheryl Thurston's ("Plaintiff") Motion to Remand.[1] Mot., Docket No. 11. Defendant ClearPath Lending, Inc. ("Defendant") opposed the motion. Opp'n., Docket No. 13. Plaintiff filed a reply. Reply, Docket No. 16.

For the following reasons, the Court **GRANTS** the motion.

## I.     Background

Plaintiff is a blind person who uses a screen reader to access the internet. Complaint, Docket No. 1, Ex. 1, ¶ 4. Plaintiff alleges that Defendant's website, www.clearpathlending.com (the "website"), is constructed and maintained in a way that prevents her and other visually-impaired individuals from gaining equal access to the

---

[1] In support of her remand motion, Plaintiff requests judicial notice of the following: (1) The Honorable John A. Kronstadt's opinion in Thurston v. Toys R Us, Inc., U.S. District Court, Central District of California Case No. 5:16–cv–02672–JAK–AGR, Doc. No. 14, February 23, 2017; and (2) The Honorable Terry J. Hatter's opinion in Thurston v. Omni Hotels Management Corp., U.S. District Court, Central District of California Case No. 16–cv–02596–TJH–KK, Doc. No. 15, May 19, 2017. Defendant did not oppose Plaintiff's request for judicial notice. Accordingly, the Court takes judicial notice of each item. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-2094 JVS (JDEx) | Date | January 28, 2019 |

| | |
|---|---|
| Title | Cheryl Thurston v. Clearpath Lending, Inc., et al. |

website. See Complaint, Docket No. 1, Ex. 1.

Plaintiff filed this case in the Superior Court of California for the County of Orange against Defendant, alleging violations of California's Unruh Civil Rights Act ("Unruh Act") based on multiple theories, including that Defendant's conduct violates the federal Americans with Disabilities Act ("ADA").[2] Complaint, Docket No. 1, Ex. 1, ¶¶ 29-31. Defendant removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Docket No. 1. Plaintiff now moves to remand. Mot., Docket No. 11.

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Subject-matter jurisdiction is proper in federal courts in all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and in diversity cases, 28 U.S.C. § 1332.

A defendant may remove a civil action filed in state court to federal court if federal jurisdiction would have originally been proper there. 28 U.S.C. § 1441(a); see also City of Chicago v. Int'l College of Surgeons, 522 U.S. 56, 163 (1997). However, it is presumed that a cause lies outside the federal courts' limited jurisdiction, and it is the removing party's burden to establish the contrary. Kokkenon, 511 U.S. at 377. Thus, in considering motions to remand, courts must "strictly construe the removal statute against removal jurisdiction," and resolve "any doubt as to the right of removal" in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).

## III.    Discussion

---

[2] The Unruh Act provides that all persons—regardless of their "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status"—are "entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also incorporates the ADA, making any violation under the ADA, per se, a violation of the Unruh Act. Cal. Civ. Code § 51(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 18-2094 JVS (JDEx)                    Date     January 28, 2019

Title        Cheryl Thurston v. Clearpath Lending, Inc., et al.

A.     <u>Plaintiff's cause of action is premised on multiple theories</u>.

Defendant argues that Plaintiff's cause of action is solely based on violations of the ADA because Plaintiff does not allege intentional discrimination. Thus, Defendant contends, Plaintiff's case necessarily turns on the construction of federal law. The Court disagrees.

Plaintiff does not allege any federal causes of action. But that is not the end of the federal question jurisdiction inquiry. Federal question jurisdiction exists where (1) federal law creates the cause of action; (2) under the artful pleading doctrine, the plaintiff's state law claims should be recharacterized as federal claims; or (3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question. <u>Rains</u> v. <u>Criterion, Inc.</u>, 80 F.3d 339, 343 (9th Cir. 1996). While the Court recognizes that the first and second circumstances described in <u>Rains</u> are absent from this case, the third circumstance, however, may be apparent.

In most cases, federal question jurisdiction is established where a plaintiff's complaint alleges violations of federal law. <u>See</u> <u>Merrell</u> <u>Dow</u>, 478 U.S. at 808. Less frequently, however, federal courts are asked to assert jurisdiction "over state-law claims that implicate significant federal issues." <u>Grable</u> <u>&</u> <u>Sons</u> <u>Metal</u> <u>Prod.,</u> <u>Inc.</u> <u>v.</u> <u>Darue</u> <u>Eng'g</u> <u>&</u> <u>Mfg.</u>, 545 U.S. 308, 312 (2005). "However, the mere presence of a federal question in a state cause of action does not automatically confer federal-question jurisdiction." <u>Wander</u> v. <u>Kaus</u>, 304 F.3d 856, 858 (9th Cir. 2002) (internal quotation marks omitted). Rather, for federal question jurisdiction to exist, the federal issue in a state-law cause of action must be (1) a necessary element of the state-law claim, (2) actually disputed and substantial, and (3) capable of resolution without disrupting the congressionally approved balance of federal and state powers. <u>Grable</u>, 545 U.S. at 314.

In order to establish a violation of the Unruh Act independent of the ADA, a plaintiff must plead and prove intentional discrimination. <u>Greater</u> <u>Los</u> <u>Angeles</u> <u>Agency</u> <u>on</u> <u>Deafness,</u> <u>Inc.</u> <u>v.</u> <u>Cable</u> <u>News</u> <u>Network,</u> <u>Inc.</u>, 742 F.3d 414, 425 (9th Cir. 2014). This requires that the plaintiff "allege, and show, more than the disparate impact of a facially neutral policy." <u>Id.</u>

The Federal Rules of Civil Procedure require a pleading contain "a short and plain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-2094 JVS (JDEx)                Date   January 28, 2019

Title      Cheryl Thurston v. Clearpath Lending, Inc., et al.

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is well-established that a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, as Defendant correctly points out, the words "intentional," "willful" and "affirmative" are absent from Plaintiff's complaint. Docket No. 13 at 5. Yet, Plaintiff need not plead with heightened particularity as is required certain causes of action. See Fed. R. Civ. P. 9(b). Rather, it is sufficient to plead enough facts making the claim plausible. In her complaint, Plaintiff alleges that Defendant discriminated against Plaintiff by (1) denying visually-impaired customers the services provided by the website, (2) constructing and maintaining a website that is inaccessible to Plaintiff and by failing to take adequate actions to correct these barriers, and (3) because Defendant's conduct "likewise constitutes a violation of various provisions of the ADA." Complaint ¶¶ 29-31. Plaintiff also alleges that "it is Defendant's policy and practice to deny blind users, including Plaintiff, equal enjoyment of and access to [the website]." Complaint at ¶ 22.

Plaintiff has sufficiently pled facts, taken as true, that render her claims plausible. The ultimate question of whether Defendant, in fact, intentionally discriminated against Plaintiff will be fleshed out later in the case, through discovery and trial. Given the applicable pleading standard, and the sufficient language in Plaintiff's complaint, the Court finds that there are at least two theories under which Defendant could be held liable for violating the Unruh Act. Thus, the ADA issue is not "necessary element" to Plaintiffs cause of action. See Rains, 80 F.3d at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). The two cases Plaintiff asks the court to take notice of support this conclusion. See supra note 1.

B.     The issue of damages does not sufficiently implicate the ADA.

Defendant next argues that this Court has jurisdiction over the case because Plaintiff seeks both injunctive relief and damages, thus anchoring the case to federal law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-2094 JVS (JDEx)                    Date   January 28, 2019

Title       Cheryl Thurston v. Clearpath Lending, Inc., et al.

Further, Defendant contends that because Plaintiff seeks statutory minimum damages, "the ADA issues are not only substantial enough, they are the <u>only</u> issues in dispute. And they belong in federal court." Opp'n., Docket No. 13 at 10 (emphasis original). Both arguments fail, however, because they rest on the faulty presumption that Plaintiff's cause of action is based solely on a violation of the ADA.

Defendant relies on two cases in support of its arguments: <u>Pickern</u> <u>v.</u> <u>Best</u> <u>Western</u> <u>Timber</u> <u>Cove</u> <u>Lodge</u> <u>Marina</u> <u>Resort</u>, 194 F. Supp. 2d 1128, 1130-31 (E.D. Cal. 2002) and <u>Wander</u>. In both cases, the question was whether "the incorporation of the ADA into [state law] as an element of liability for damages create federal question jurisdiction where the ADA is the only basis for the state claim." <u>Wander</u>,304 F.3d at 860. In both cases, the plaintiffs brought state claims against the defendants for damages under state law and injunctive relief under the ADA. The plaintiffs's causes of action were based solely on violations of the ADA. Further, both of the plaintiffs's ADA-based injunctive relief claims were rendered moot, leaving only the state-law damages claim.

The Court in <u>Pickern</u> dismissed the case for lack of jurisdiction, holding that "Congress's choice not to provide a damages remedy under the ADA signified a congressional conclusion that the presence of an ADA violation as an element of the [Unruh Act] is insufficient to confer federal question jurisdiction." <u>Wander</u>, 304 F.3d at 860. (citing <u>Pickern</u>, 194 F. Supp. 2d at 1132-33).

Similarly, <u>Wander</u> held:

> [T]here is no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA. To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-2094 JVS (JDEx)          Date   January 28, 2019

Title      Cheryl Thurston v. Clearpath Lending, Inc., et al.

Wander v. Kaus, 304 F.3d 856, 857 (9th Cir. 2002)

Defendant argues that the present case is distinguishable from Pickern and Wander, in that Plaintiff's claim for injunctive relief is not moot, and thus anchors her cause of action to the ADA, establishing federal question jurisdiction. In support of its argument, Defendant cites dicta in Pickern which states:

> [I]t is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. Federal question jurisdiction must exist in those circumstances. Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. State claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief. Thus, federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages.

Pickern, 194 F. Supp. 2d at 1132 n.5 (emphasis added).

The Court's conclusion in Pickern regarding state law claims for injunctive relief premised solely on a violation of the ADA is correct. However, the crucial difference between that theoretical scenario and the case at bar is that Plaintiff alleges multiple theories upon which Defendant may be liable. In other words, the reasoning in Pickern is persuasive only in cases where the injunctive relief sought is based solely on violations of the ADA. Here, it is possible that Plaintiff will obtain injunctive relief based on a theory independent of the ADA. It is also possible that Plaintiff will obtain such relief premised on the ADA. Therefore, because the ADA is not sufficiently implicated and because there is no binding authority directly on point, the Court finds resolution of this motion ambiguous.

Accordingly, Defendant has not overcome the presumption against removal, see Kokkenon, 511 U.S. at 377. The motion is granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-2094 JVS (JDEx)               Date   January 28, 2019

Title      Cheryl Thurston v. Clearpath Lending, Inc., et al.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand.

No attorney's fees are awarded to Plaintiff, see Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."). Defendant's position is reasonable, if unavailing.

IT IS SO ORDERED.

|                      | :    | 12   |
| -------------------- | ---- | ---- |
| Initials of Preparer | kjt  |      |